JUDGE BUCHWALD      06 CV 7734

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

SYCOLEMAN CORPORATION,             )
                                   )
           Plaintiff,              )       Civil Action No.
                                   )
      v.                           )       **COMPLAINT FOR DECLARATORY**
                                   )       **AND INJUNCTIVE RELIEF**
SOS INTERNATIONAL LTD.,            )
                                   )
           Defendant.              )
                                   )
---

For its Complaint against Defendant SOS International Ltd. ("SOSi"), Plaintiff SYColeman Corporation ("SYColeman"), by undersigned counsel, states as follows:

### NATURE OF THE ACTION

1.  Plaintiff, SYColeman, by this Complaint respectfully seeks preliminary and permanent injunctive and declaratory relief against the Defendant SOSi, in the form of one or more orders: (i) granting SYColeman's Application for a temporary restraining order and Motion for preliminary injunctive relief, enjoining SOSi from soliciting or recruiting SYColeman's employees or consultants during the pendency of this action; and (ii) granting SYColeman's Action for permanent injunctive and declaratory relief, declaring that SOSi is in breach of the Teaming Agreement and permanently enjoining SOSi from soliciting or recruiting SYColeman's employees or consultants; and (iii) granting any such other relief as this Court deems just and appropriate under the circumstances.

## JURISDICTION

2. This is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States.

3. This Court has original subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(a)(1), diversity of citizenship of the parties.

4. This Court has personal jurisdiction over the Defendant because Defendant resides and may be found in New York, and does systematic and continuous business in New York and in this District.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), in that Defendnat resides in this District.

## PARTIES

6. Plaintiff, SYColeman Corporation is a Florida corporation and has its headquarters at 241 18th Street South, Crystal City Square 4, Suite 900, Crystal City, Virginia 22202. It is a wholly-owned subsidiary of L-3 Communications Corporation, which is headquartered in New York.

7. The Defendant, SOSi International Ltd., is a limited liability company, incorporated in the State of New York, with its headquarters at 40 Fulton Street, 26th Floor, New York, NY 10038.

## FACTS

**A.   SOSi's Teaming Agreement with SYColeman and the Non-Solicitation Clause**

8.   On June 30, 2006, SYColeman and SOSi entered into a Teaming Agreement, in which the two competitors agreed to cooperate in pursuing a contract opportunity concerning "Bilingual-Bicultural Advisors - Subject Matter Experts" ("BBA-SME") in Iraq. The parties negotiated a non-solicitation provision that would apply to all of the parties' employees for the period of the Teaming Agreement, or for one year from June 30, 2006, whichever period is longer. Specifically, SOSi agreed as follows:

> SECTION 4
> SOLICITATION OF EMPLOYEES
>
> 4.1.   The Team Members agree to avoid the practice of proselytizing. ***Neither member will entice, encourage, offer special inducements to, or otherwise recruit the employees of the opposite party during the period of the Agreement or one year, whichever is longer.*** This clause is not intended to restrict the individual right of employment but rather is intended to preserve the teaming arrangement and to prevent the parties from actively recruiting the employees of the opposite party.

(Emphasis added).

**B.   SYColeman's Initial Iraqi Advisory Task Force Contract**

9.   In May 2004, SYColeman was awarded the Initial Iraqi Advisory Task Force Contract. Under this Contract, SYColeman provides substantial strategic communications services, including political, social, and cultural advisory services, to the Multi-National Corps-Iraq. For this purpose, SYColeman has developed and established employee relationships with elite tribal and business leaders in Iraq from various disciplines, such as former Special Forces personnel, prominent Iraqi Americans, and prominent Local National Employees, including

clerics, business leaders, and other specialists. These SYColeman employees are uniquely qualified and situated to provide the specialized services required under the Initial Iraqi Advisory Task Force Contract.

10. The Initial Iraqi Advisory Task Force Contract is scheduled to expire on September 30, 2006. However, the Government has asked to extend the term of that Contract to October 15, 2006 and SYColeman is willing and able to comply with any extensions as needed.

C.  **The New RFP for the Iraqi Advisory Task Force Services**

11. In August 2006, the Joint Contracting Command issued the RFP for an indefinite delivery/indefinite quantity ("ID/IQ") Contract ("the Contract") to provide strategic consulting services, including political, social, and cultural advisory services, to the Multi-International Corps-Iraq through the "management and provision of the Iraqi Advisory Tack Force ('IQATF') … throughout the Iraqi Theater of Operations ('ITO')." The services to be provided under the Contract are substantially the same as those provided by SYColeman under the Initial Iraqi Advisory Task Force Contract. In essence, the Contract is a follow-on contract to the Initial Iraqi Advisory Task Force Contract.

12. The RFP requires the awardee to provide "continuous, responsive and uninterrupted service support to US and Coalition organizations supporting Operation Iraqi Freedom. The intent is for the Government to have the capability to utilize up to 268 validated Iraqi Advisory Task Force personnel." In fact, the RFP required each offeror "to submit a plan that indicates their ability to retain current Iraqi Advisory Task Force Personnel…." Under the RFP's evaluation scheme, an offeror who fails to meet this requirement must be rated as "Unacceptable" or "Unsatisfactory," and is therefore ineligible for award.

13. Unbeknownst to SYColeman, Defendant SOSi was directly competing with SYColeman for this Contract. SOSi, however, cannot meet the requirement to retain the current Iraqi Advisory Task Force Personnel employed by SYColeman without breaching the Teaming Agreement.

14. On September 8, 2006, SYColeman was notified that the Joint Contracting Command had awarded the Contract to SOSi. In a written debriefing dated September 13, 2006, the Agency indicated that SYColeman and SOSi were the only two offerors considered for award because only they had submitted technically acceptable proposals. The total value of the contract is over $200 million. SOSi was ultimately awarded the contract.

15. In part based on the fact that SOSi could not have submitted a technically acceptable proposal because it was contractually prohibited from recruiting SYColeman's current Iraqi Advisory Task Force personnel, SYColeman has instituted an action in the United States Court of Federal Claims, pursuant to 28 U.S.C. § 1491(b), protesting the contract award. The Court of Federal Claims has indicated that it does not believe it has jurisdiction to issue an injunction precluding SOSi from violating the non-solicitation provisions of the Teaming Agreement, because the Teaming Agreement is a contract between two private parties. Judge Williams will hear arguments on the merits of the bid protest on Friday, September 29, 2006 and expects to issue a decision on October 6, 2006.

**D.     SYColeman Personnel Employed as Part of the Iraqi Advisory Task Force**

16.     The SYColeman employees who work on the Initial Iraqi Advisory Task Force Contract are valuable employees with unique background and expertise that cannot be readily duplicated. There are three categories of employees with truly unique skills that SOSi must solicit in order to perform under the Contract. These individuals have skills that are not easily replicated. The types of employees are, as more fully set forth in the RFP: "In-Country Program Manager" and the "MMC-1 OPSCEN Director", "Iraqi Advisors", and "Special Advisors".

17.     These are unique individuals with extraordinary qualifications not found among the general public. SYColeman has devoted time and money to locating and retraining these special individuals who are so valuable to the United States military. If SOSi is allowed to solicit these employees from SYColeman, SYColeman will be unable to replace these individuals should it prevail in its bid protest action in the Court of Federal Claims.

**E.     SOSi's Unlawful Conduct Soliciting SYColeman Employees**

18.     As early as September 10, 2006, Marvin Schroeder, Program Manager for SOSi, wrote to all Iraqi Advisory Task Force Advisors informing them that SOSi would work to transfer them to the SOSi team. He also advised that he would be in Iraq the end of that week with a transition team "to begin the actual discussion and transfer of employment." He expressly stated that they would "be hired as full time employees" and would be provided with various benefits. Schroeder and Jake Larson, also a SOSi representative, arrived in Iraq on September 23, 2006. They met with at least the following Baghdad-based SYColeman employees: Messrs. Minah, Nalu, Hassan, Collins, Butris, Garabet, Livingston, Sitto, Al Jasim, and Simpler. Email correspondence dated September 24, 2006 between SOSi representatives and current SYColeman employees evidence SOSi's explicit recruiting efforts. SOSi expresses its "desire

[to] retain your services" and to "reach[] an agreement by Wednesday" given "a tight time line for performance." Mr. Schroeder made express salary offers to SYColeman employees. He also indicated that SOSi representatives were in Iraq to meet with SYColeman employees and inform them of what SOSi has to offer.

19. SYColeman attempted to prevent these violations of the Teaming Agreement by seeking relief in the Court of Federal Claims as part of its bid protest. On September 25, 2006, however, the Court of Federal Claims expressed its belief that it lacks jurisdiction to enforce the terms of the Teaming Agreement. In response to that statement, SOSi has re-doubled its efforts to solicit SYColeman employees who are part of the Iraqi Advisory Task Force. SOSi representatives are in Iraq now, urgently recruiting SYColeman employees for its team. Unless injunctive relief is granted, SOSi will successfully recruit SYColeman employees in violation of the Teaming Agreement and to the irreparable detriment of SYColeman's bid protest and business interests.

## COUNT I

### SOSI IS BREACHING THE TERMS OF THE TEAMING AGREEMENT

20. Plaintiff incorporates by reference paragraphs 1-19 as if set forth herein.

21. Plaintiff and Defendant entered into a Teaming Agreement whereby they agreed not to solicit or recruit the employees of the opposite party prior to June 2007.

22. Defendant is currently soliciting and recruiting Plaintiff's employees in Iraq.

23. Such solicitation violated the non-solicitation clause of the Teaming Agreement.

24. As such, Defendant is breaching the terms of the Teaming Agreement.

25. As a result, Defendant is causing damage to Plaintiff's business activities and its ability to procure and fulfill current and future contracts.

26. Defendant's activities are causing and, unless enjoined by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff does not have an adequate remedy at law.

27. Plaintiff is entitled to a declaration that Defendant is in breach of the Teaming Agreement and to a preliminary and permanent injunction enjoining Defendant from breaching the non-solicitation clause in the Teaming Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SYColeman respectfully requests that this Court:

(i) grant SYColeman's Application for a Temporary Restraining Order and Motion for a Preliminary Injunction, enjoining SOSi from soliciting or recruiting SYColeman's employees or consultants, during the pendency of this action;

(ii) grant SYColeman's Action for permanent injunctive and declaratory relief, declaring that SOSi is in breach of the Teaming Agreement and permanently enjoining SOSi from soliciting or recruiting SYColeman's employees or consultants; and

(iii) grant any such other relief as this Court deems just and appropriate under the circumstances.

                    Respectfully submitted,

Dated: September 25, 2006

                    Ronald M. Daignault (RD-2672)
                    JENNER & BLOCK LLP
Of Counsel:              919 Third Avenue
                    37th Floor
                    New York, NY  10022
David Handzo           (212) 891-1600 Telephone
Kathleen E. Karelis      (212) 891-1699 Facsimile
Kevin C. Dwyer
JENNER & BLOCK LLP   Counsel for Plaintiff
601 Thirteenth Street, N.W.  *SYColeman Corporation*
Suite 1200 South
Washington, D.C.  20005
(202) 639-6892 Telephone
(202) 661-4979 Facsimile

NEW_YORK_4765_1